**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ALBERT LEE LEWIS, ADC # 143494      *
                                      *
           Petitioner,        *
v.                               *
                                      *      No. 5:16CV00103-JJV
WENDY KELLEY, Director,         *
Arkansas Department of Correction,  *
                                      *
          Respondent.      *

<u>**MEMORANDUM AND ORDER**</u>

Before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed by Albert Lee Lewis (Doc. No. 2) and the Respondent's Motion to Dismiss (Doc. No. 6) and Brief in Support.  (Doc. No. 7.)

**I.    PROCEDURAL HISTORY**

In 2008, a Crittenden County jury convicted Mr. Lewis of rape and kidnaping.  (Doc. No. 2.) He was sentenced to consecutive life imprisonment with an additional thirty years in the Arkansas Department of Correction.  (*Id.*)  Mr. Lewis appealed his conviction, and the Arkansas Supreme Court affirmed.  He then filed a Rule 37.1 petition.  The circuit court dismissed, and Mr. Lewis appealed.  However, he did not file a brief within the allotted time, and the Arkansas Supreme Court dismissed on July 27, 2011.  (Doc. No. 7.)

On July 16, 2012, Mr. Lewis filed a Petition[1] for Writ of Habeas Corpus in the Eastern District of Arkansas.  The Petition was dismissed February 14, 2013, and Mr. Lewis appealed.  The

---

[1]Petition for Writ of Habeas Corpus, *Lewis v. Hobbs*, No. 5:12CV00258-DPM, ECF No. 2.

Eight Circuit denied a certificate of appealability and dismissed the appeal.[2]  On April 6, 2016, Mr. Lewis filed the current Petition for Writ of Habeas Corpus.  (Doc. No. 2.)  Respondent filed a Motion to Dismiss for Lack of Jurisdiction (Doc. No. 6) arguing Mr. Lewis's Petition is successive and must be dismissed.  For the following reasons, I agree.

## II.    ANALYSIS

Under 28 U.S.C. 2244(b)(3), petitioners who have previously filed a federal habeas petition must first obtain authorization from the appropriate federal court of appeals before filing a second or successive habeas petition.  *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011).  Without an order from the court of appeals authorizing the filing of a successive petition, the district court lacks jurisdiction to hear the petition.  *Burton v. Stewart,* 549 U.S. 147, 152-53, 157 (2007).  Further, the court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements.  See 28 U.S.C. 2244(b)(2).  Similarly, claims asserted in a second or successive habeas petition that were not alleged in a previously filed habeas petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

After careful review, I find that the language of 28 U.S.C. § 2244(b) is binding and prior

---

[2]USCA Judgment, *Lewis v. Hobbs*, No. 5:12CV00258-DPM, ECF No. 31.

authorization to file a second or successive habeas petition is an absolute requisite to this Court's authority to consider a petition. 28 U.S.C. § 2244(b)(3); see also *Williams*, 658 F.3d 842, 853 (2011) ("A 'second or successive' habeas petition requires authorization from a federal court of appeals prior to filing."). There is nothing in the record to indicate that Mr. Lewis sought and received authorization from the United States Court of Appeals for the Eighth Circuit before filing this successive petition. He must apply for, and receive, permission from the Eighth Circuit before filing any habeas corpus petition that challenges his convictions.

Therefore, the I find this Court does not have jurisdiction over Mr. Lewis's claims. The dismissal should be without prejudice so Mr. Lewis may refile his Petition should the Eighth Circuit grant him permission to proceed.

### III.    CONCLUSION

IT IS, THEREFORE, ORDERED:

1.    Respondent's Motion to Dismiss (Doc. No. 6) is GRANTED.

2.    Mr. Lewis' § 2254 Petition (Doc. No. 2) is DISMISSED and the requested relief is DENIED.

SO ORDERED this 13th day of June, 2016.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE